No. 10,202.

THE ANDERSON BUILDING, LOAN FUND AND SAVINGS
ASSOCIATION NO. 2 ET AL. *v.* HOPPES.

MORTGAGE.—*Foreclosure.—Plea of Former Recovery.—Judgment Outside of Issues.*—Where suit is brought upon a note and mortgage before their maturity, and it is alleged in the complaint that by reason of the mortgagor's non-payment of certain assessments, dues, interest and fines, the note and mortgage had become due, and the only issue in the cause is formed by a general denial, and there is a finding and judgment upon the issue for the defendant, such judgment is conclusive only upon the question that the mortgagor was not in default at the commencement of such suit in the payment of any assessments, dues, interest or fines, and not as to the payment or satisfaction of the mortgage.

SAME.—*Satisfaction of Mortgage.—Judgment as Evidence.*—The judgment so rendered upon such issue will not constitute sufficient evidence, in a subsequent suit by the owner of the mortgaged premises, to entitle him to a judgment for the satisfaction of the mortgage, or to quiet his title against such mortgage.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*C. L. Henry* and *H. C. Ryan,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellants, to obtain the satisfaction of record of a certain mortgage, alleged to have been executed by Philip and Eliza Keller to the Anderson Building, Loan Fund and Savings Association No. 2, on certain real estate in the city of Anderson, of which the appellee claimed to be the owner. In his com-

plaint the appellee also asked that a certain tax sale of such real estate might be set aside and held for naught, and that his title to the real estate might be forever quieted and set at rest. The cause was put at issue and tried by a jury, and a verdict was returned, in substance, as follows: "We, the jury, find for the plaintiff, and that he have his title quieted to the real estate described in the complaint, and that the defendant recover the sum of $34, as and for taxes paid on said real estate." Over appellant's motion for a new trial, and its exception saved, the court rendered judgment on the verdict, and as prayed for in appellee's complaint.

Several errors are assigned upon the record; but the appellant's counsel, in their brief of this cause, have expressly limited their argument to the questions presented by the alleged error of the court in overruling their motion for a new trial. The point is made and pressed with much earnestness and ability by appellant's counsel, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. Before considering or passing upon this point, it is necessary, we think, that we should first give a summary at least of the pleadings in the cause.

In his complaint the appellee alleged, in substance, that on the 11th day of February, 1875, Eliza Keller being then the owner of the real estate described in the complaint, she and her husband, Philip Keller, executed a mortgage on such real estate to the appellant, the Anderson Building, Loan Fund and Savings Association No. 2, to secure the payment, when the same became due, of the sum of $1,000, which mortgage was recorded in the mortgage records of Madison county; that afterwards the mortgagors having failed to comply with the conditions of the mortgage, by reason of which the mortgage debt became due, the mortgagee instituted suit in the court below to foreclose the mortgage; that upon the trial of such suit, afterwards had, there was a finding and judgment for the mortgagors, the Kellers, the defendants therein, and against the mortgagee, the association, the plaintiff therein;

that by such finding and judgment the said mortgage was declared satisfied, but that it had never been satisfied of record in the county records; and that the record of such mortgage, although satisfied, was a cloud upon appellee's title to such real estate. The complaint contained other allegations, in relation to other matters, which we need not notice in this opinion. For it is conceded by appellee's counsel in argument, " That the only question in the case in the court below, and the only one presented in this court, is whether appellee was entitled to have his title to said real estate quieted against appellant's said mortgage, and the record of the same entered satisfied." We have given all the averments of the complaint bearing on this question, and it will be noticed therefrom that it was not claimed that the mortgage debt, or any part of it, had ever been paid to the appellant, or to any one else, but the appellee claimed to have the mortgage entered satisfied of record, upon the ground of the alleged former adjudication to that effect, stated in his complaint.

The appellant answered the complaint in this case in two paragraphs, of which the first was a general denial. In the second paragraph of its answer the appellant alleged, in answer to so much of the appellee's complaint as demanded satisfaction of the mortgage to the appellant mentioned therein, that the alleged suit was instituted by the appellant for the foreclosure of its mortgage, for the reason that there were unpaid assessments, dues, interest and fines, claimed to be due it from the mortgagors, the Kellers, the defendants therein; that the note secured by the mortgage, by its terms, was not to be due until February 9th, 1883, unless there should be a failure to pay dues, assessments, fines or interest, as stated in the note and mortgage, and the rules, by-laws and constitution of the association; that the only pleadings in such suit were the complaint and the answer by a general denial; that the only issue in such suit, litigated and tried, was whether there had been any default in the payment of dues, fines, as-

sessments or interest, and that upon this issue there was a finding and judgment rendered for the defendants in such suit.

And the appellant averred that the court did not adjudge or decree that the mortgage debt was paid or satisfied, and did not decree or order the satisfaction of the mortgage; and that the debt secured by the mortgage was wholly unpaid, etc.

To this second paragraph of answer appellee replied by a general denial.

With this statement of the issues in the case in hand, we proceed now to the consideration of the sufficiency of the evidence to sustain the verdict. The first question which presents itself in considering the evidence is this: What was in issue, and what may be said to have been adjudicated in relation to the appellant's mortgage from the Kellers in the suit mentioned in appellee's complaint? The evidence tended to show that the suit in question was commenced by the appellant against the Kellers in the court below on the 27th day of September, 1876, more than six years before the note secured by the mortgage would have matured and become due, if its terms and conditions had been complied with by the Kellers; that the terms and conditions of the note were, that "in case the monthly interest, weekly dues, fines or assessments, or any part thereof, shall remain unpaid for three months after the same become due, then this note shall become due and collectible; but in case said interest and dues, fines or assessments shall be kept paid up, then the principal of this note shall become due in eight years from date," etc.; that in the complaint in the suit mentioned it was alleged, among other things, that the defendants therein, the Kellers, had wholly failed and refused to pay the monthly interest on the note and mortgage and the amount secured thereby, and had wholly failed and refused to pay the weekly dues, fines, penalties and assessments according to the constitution and by-laws of said association, and the same had remained due and unpaid for more than three months next preceding the

filing of such complaint, and that the note had thereby become due and payable under its provisions, and under the constitution and by-laws of said association; that the only answer of the defendants, the Kellers, to the complaint in such suit was a general denial of its allegations; and that upon the trial of the issue thus made in such suit the order-book entry of the trial, finding and judgment of the court therein was, in substance, as follows: "Now come the parties by their attorneys, and this cause being at issue is submitted to the court for trial, without the intervention of a jury, and the court having heard all the evidence, and being well advised in the premises, finds for the defendants; and the court orders that the plaintiff pay the cost of this proceeding."

Upon the evidence it is very clear, we think, that the only matter in issue in the suit mentioned in appellee's complaint in this case was whether or not the defendants, the Kellers, at the time of the commencement of such suit were and had been for three months next preceding in default in the payment of the monthly interest, weekly dues, fines or assessments, or any part thereof. Under the issue joined in such suit, this was the only matter tried and adjudicated by the court, as shown by its finding and judgment therein, as the same were given in evidence. The payment and satisfaction of the note and mortgage were not in issue in such suit, and, therefore, it can not be said, we think, that the finding and judgment of the court therein were, in any sense, an adjudication of the payment of the note, or of the satisfaction of the mortgage. When the court found, as it must have found, that the defendants had not been in default for three months preceding the commencement of the suit in the payment of the monthly interest, weekly dues, fines or assessments, or any part thereof, that was an end of such suit; and as to the matter thus found, but no other, the judgment of the court was a final and conclusive adjudication.

We are of opinion, therefore, that the finding of the court

in the case at bar was not sustained by the evidence, and was contrary to law; and that for this cause the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.